May it please the Court, my name is Judy Wood, and I'm representing the Ochave family. Good morning. Really, the reason why I'm here today, Your Honor, is to try to right a wrong. Mrs. Ochave was raped brutally in the Philippines, so was her daughter. In her original asylum application, which she filed many years ago, she stated very clearly that her father was employed by the government, the town in which they lived was an area of heavy conflict, the Marxist-thinking guerrillas had taken over many points of power in the region, the family was regarded as being reactionary by the communist revolutionaries. Therefore, my daughter and I became targets for their sick ideas of revenge, and we were brutally raped with knives at our throats. She was denied asylum. She was denied asylum. There was an appeal to us. You're correct, Your Honor. And you lost. Yes. Okay, so that's now ancient history, isn't it? And I'm here to try to get another day in court for her, because in his dissent, your brother, Pregerson, stated in his dissent, this is from Pregerson, the immigration judge in making sua sponte objections and sustaining the objections of the INS attorney characterized counsel's questions as leading. In my opinion, in Judge Pregerson's opinion, these objections were not well taken. None of the questions that Felicitas was asked by her attorney was sufficiently specific or obvious as to suggest the answer. He may be my brother, but I have two other siblings who didn't see it that way, you know, right? That's correct, and that's why I'm trying to get this case reheard. My objective in coming here today is to get the case remanded so that this woman will not be sent back to the Philippines, where she and her daughter were raped in full view of each other. At the present ---- I think the real issue here is the timeliness of your motion to reopen. I mean, what's happened has happened, and our panel has ruled, and we have no capacity to do anything about that. Well, you're correct, Your Honor, technically and procedurally. However, under the REAL-ID Act, which was recently passed, it is stated that a person who asks for asylum must prove that the reason why she was persecuted, the central reason, an important reason, must be on account of one of the five grounds. That was completely overlooked during the course of these immigration proceedings, both on the administrative level, before the Port of Immigration Appeals, and unfortunately, I think, before this most honorable court. Well, that may well be true, and that panel could have been wrong, and I probably would have been with Judge Prakerson. But here we are today with an untimely motion to reopen, so that's where we are. Well, there was ---- a motion to reopen can be filed, as you know, within 90 days of the board's decision. By that time, we were before this court, and I expected that it would be granted, so we didn't file a motion to reopen within 90 days of the board's decision. That was the reason for it. I never suspected that this case would be denied because it seemed that the conduct of the judge and the trial attorney were egregious, simply egregious, and in light of recent rulings, a recent case, a woman from Somalia, and I think this case is comparable. It's out of the Tenth Circuit, Niang v. Gonzalez. That woman was a woman from Somalia who suffered rape, who suffered a forced genital mutilation, and in that case, the Tenth Circuit overruled. Is that case cited in your brief? It comes subsequent to the writing of this brief, Your Honor. I want the citation of the case. Right. It's a very recent case, Your Honor. It's a 2005 case, very recent. But I'll give you the citation. It's Niang, N-I-A-N-G v. Gonzalez, 2005, Westlaw, 2-1-6-0-1-4-0, Tenth Circuit, 2005. 205, Westlaw. 2-1-6-0-1-4-0, Tenth Circuit, 2005. 2-1-6-0-1-4-0. 2-1-6-0-1-4-0. I'm sorry. Get my clerk a copy. Okay, I will. In addition, Mrs. Ochave has an approved rape assert and an approved I-140. She's attended an adjustment interview with the service, and they have issued a paper indicating they're waiting for the Ninth Circuit to remand the case so that, in fact, the judge could then grant adjustment of status. These are people who are totally honorable in all respects. They have observed all the laws of this country. They've paid taxes. They've worked. They've done nothing wrong whatsoever. They should be given a chance to right this wrong. She can't return to the Philippines. It will totally destabilize her. She's unable to face this situation where she was brutally raped and where she had to watch her daughter being raped. Thank you. Thank you. I reserve for rebuttal. Thank you, Ms. Wood. Mr. Mitchell. May it please the Court. This Court has already ruled on the issue. Could you just mention your appearance again, just because we're making an audio recording. Certainly. I'm sorry. My name is Jonathan Mitchell, and I represent the Attorney General. This Court has already ruled on the issues related to asylum and withholding of deportation and suspension of deportation and laxity of deportation. to reconsider those issues. The issue before this Court is whether the Board of Immigration Appeals abused this discretion in denying the petitioner's motion to reopen as untimely. Section 1003.2c2 of Title VIII of the Code of Federal Regulations clearly states that a motion to reopen deportation proceedings must be filed no later than 90 days  There's no question about that. Okay. And if the Court has no further questions, we would simply point out that the petitioner is not within the Barahona Gomez class either. At some point, I assume she was granted voluntary departure. Is that right? Yes. That's correct. And she has to go to the director to get relief and get it reinstated. Is that the way that goes? I'm actually not sure what the procedures are for that, Your Honor. I don't believe there's any issue as to her entitlement to voluntary departure. I always like to point that out because I think they can go to the director and ask for voluntary departure. The I.J. granted voluntary departure in his decision. Yes. In cases where it has been granted. Yes. Thank you. Thank you, Your Honors. Ms. Wood, anything else you'd like to add? By filing the motion to reopen under Barahona, we were able to stay the deportation, and she was able to stay here and work here. As far as voluntary departure goes, if she were to leave the United States with her husband and try to reenter on the approved I-140, she would be subject to the 10-year bar. There's a 3- and 10-year bar because she has accrued time here out of status. And she doesn't have any relatives here, so there's no waiver. So then she would be living in the Philippines for 10 years, which is an absurd result since she's an elderly person. She's in her 60s now. So the only viable result for her is to get the case remanded and be able to adjust status before the immigration judge or to revisit the asylum case, which I really think is the just result. Thank you. Thank you, Ms. Wood. Mr. Mitchell, thank you. The case is discarded. It is submitted.
judges: Bright , B. Fletcher, Silverman